## MARY SOUTHERLAND vs. JAMES SOUTHERLAND.

### APPEAL FROM BICKERTON, J.

HEARING, DECEMBER 30, 1891. DECISION, FEBRUARY 27, 1892.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

In a bill for separation by a wife against her husband, after consideration of the evidence, the Court granted the separation, and awarded the custody of the children to the respondent.

This is a bill for separation brought by the wife against her husband. After several hearings, in which a great deal of testimony was taken, Mr. Justice Bickerton, who heard the case, filed his decision, dated 5th September last, in which he decreed a separation of the parties from bed and board forever, and awarded the custody of the minor children to the plaintiff, and alimony for her and their support of $30 a month, etc. The respondent apppealed.

The decision is as follows:

### DECISION OF BICKERTON, J., APPEALED FROM.

The petition in this matter sets forth that the parties were married by the Reverend J. A. Cruzan on 26th March, 1883 ; that petitioner has had by respondent two daughters, now aged seven and four years respectively; that respondent, during the last year, has excessively and habitually ill-treated petitioner by calling her foul and filthy names; by accusing her of adultery with many different men; by habitually using vulgar, profane and obscene language in her presence and in the presence of their children; by using threats and menaces to the petitioner and threatening that he "would take her life;" by assaulting her with his fists and knocking her down; by turning her out in the streets with her two children at night; by many

and divers acts of violence, cruelty and abuse; that petitioner is in distress, and has not money with which to support herself and her said two children, nor means with which to pay the costs of these proceedings; that respondent has real estate in Honolulu of the value of about five thousand dollars, and has a salary of $125.00 per month; and prays for a decree of separation from bed and board forever, for alimony, for the custody and control of the children, and for attorney's fees, and costs.

The answer admits the marriage, the birth of the two children, and denies the alleged ill-treatment, respondent claiming that he has always treated her with kindness and consideration and provided for her and their children to the best of his ability; that plaintiff is possessed of an evil temper and violent disposition, and at times has used abusive and vile language to him.    That about June or July, 1890, he began to have reason to believe that she was unfaithful to him; that in July, 1890, plaintiff deserted his house and went to her mother's house, but returned to his home in a few days; that in November, 1890, she again left his house, taking the children with her, and went to her mother's house.    Respondent further denies that he turned them out into the streets, and alleges that in June, 1891, while he was absent from home, plaintiff deserted his home, taking the children, and sailed for California; that she carried away many articles of furniture and personal property; that between June, 1890, and June, 1891, he has reason to believe that on various occasions she committed adultery with one Walker; that he was so exasperated by plaintiff that on several occasions he used strong and forcible language to her; that she has told him he was not the father of her children, and threatened to poison him, and that he has been in fear of his life; that he did lay his hands upon plaintiff about October, 1890, when she struck him and assaulted him with a knife; that he did it to prevent further harm; that he has frequently forgiven her and taken her back; that it is useless for them to attempt to live together again, and that she is not a fit and proper person to have the care and custody of their said children; and prays that a decree of separation forever be entered in his favor, and that the

care and custody of the children be given to him, and that plaintiff's prayer for alimony be denied.

The testimony in this case is very voluminous and conflicting; there is deliberate falsehood on one side or the other. It is a great shame that this matter could not have been settled by a mutual separation, instead of dragging all this scandal before the Court and the public. Both parties are anxious for a separation, and both want the decree in their favor. It is clear to me that the decree must be granted in favor of the plaintiff, or the petition must be dismissed. I know of no authority under the statute by which the Court could order a decree in favor of the respondent on his answer, it not purporting to be a cross-bill, where he avails himself of the statute and sets up as justification the ill-conduct of the plaintiff. See section 1337 of the Compiled Laws, which reads: "In any suit brought for a separation, the defendant shall be permitted to prove, in his justification, the ill-conduct of the complainant, and, on establishing such defense to the satisfaction of the Court, the suit may be dismissed."

Although both parties pray for a separation, yet there is not the slightest indication of collusion; on the contrary, each party has done all in his or her power to show the ill-conduct of the other. The charge of adultery, made by respondent against plaintiff, brought out considerable testimony on both sides. Now, to establish this charge, it is necesssary that the proof should be positive and conclusive, as it would have to be, should the party be charged with the criminal offense of adultery, before a conviction could be had. Although it is not necessary that there should be eye witnesses to the act itself, yet the evidence must be of such a nature that it convinces the Court or jury, beyond a reasonable doubt, of the guilt of the accused. The evidence in this case does not so convince me that plaintiff had been guilty of adultery with the said Walker, and the evidence is solely confined to him and no other man; the plaintiff may have shown some indiscretion, but the proof fails in showing any illegal intercourse between them; even if it had, the offense has been condoned, the parties having lived to-

gether as man and wife since the time of the alleged adultery.

It is clear to me from the evidence that it is utterly impossible for these parties to live together under the circumstances and their present state of feeling. It is one of those unfortunate cases where reconciliation, at any rate for the present, cannot take place.

The question of the custody and control of the children is one of great moment; they are of tender years, and should not be placed in a boarding school unless it is absolutely necessary. This would have to be done if the custody was awarded to the respondent, for the nature of his employment is such that he is away from Honolulu most of the time, and he could not maintain a home for them. The evidence of his general good character and industry in his employment is very satisfactory; I could not say he was an improper person to have the custody of the children. These children are girls, and require the proper care and attention of a mother. The question is, is the mother a proper and fit person to have the care of these little girls? It is contended that she is not. From the evidence I do not find that she is unfit to have charge of these minors; she has, perhaps, a violent temper at times, but there is no evidence of any acts of violence on her part toward her children; on the contrary, she seems to have taken good care of them.

The question of alimony is one of importance to all concerned. It appears that there is a large amount of debts to be paid by the respondent, and that he has had to draw two years' rent in advance from the Fort street property to enable him to pay off what debts he has, and for money to carry on these proceedings, so that at present his only income is his wages of $125 per month. The plaintiff and children must have some support, and the children must be educated.

I decree a separation of the parties from bed and board forever, and I award the care and custody of the said children to the plaintiff, their mother, the respondent at all times to have the right to see and visit said children. And I order that the respondent shall pay to the plaintiff the sum of thirty dollars per month, payable the last day of each month, beginning Aug-

ust 31st, 1891, for the maintenance and support of the plaintiff and her children, she paying for education and clothing and other expenses of the children. The respondent to pay costs of these proceedings and fifty dollars for counsel fees. Parties may apply from time to time to the Court for modification of this order, or for such other and further relief as the circumstances may require.

OPINION OF THE FULL COURT, BY JUDD, C.J.

Having heard the arguments of counsel and read the evidence as taken by the short-hand reporter, we now think that the decree ought to be sustained, so far as it grants the separation. Both parties desire it, not collusively, but on account of the irreconcilable differences between them.

The proofs show that the respondent is an engineer on one of our domestic steamers, and is necessarily absent from his home in Honolulu most of the week. The proofs also show circumstances casting very grave suspicion upon the fidelity of the plaintiff to her marriage vows, and that these, when brought to notice of her husband, the respondent, excited him to the use of violent and bad language, and on one occasion, which he admits, to personal violence upon his wife. There is evidence of unseemly language used by the plaintiff also, and on the part of her family, and often in the presence of the little children. While no one can justify the use of profane and indecent language, nor violence, towards a wife, whatever be the provocation, these acts would hardly have warranted a separation, and we infer it would not have been granted if the respondent had not prayed the Court in his answer to grant it. But with the evidence before us of the conduct of the plaintiff, and of her associations, we are averse to awarding her the custody of the children. We cannot find that the conduct of the father warrants us in taking them from him.

We therefore reverse the decree, so far as it awards the custody of the children to the plaintiff and orders alimony to be paid for their support. The Court now awards the custody of the two children, Mary, born December 3d, 1883, and Margaret,

born September 5th, 1886, to the respondent. The usual particulars as to access of plaintiff to the children and leave to apply for modification of the relief, to be in the decree.

### Dissenting Opinion of Bickerton, J.

Having heard the testimony of the witnesses and the argument of counsel at the hearing of this cause, and after considering the very contradictory statements of the two sets of witnesses for the plaintiff and respondent, which cannot both be true, I arrived at the conclusions set forth in my decision, incorporated in the above opinion. And having heard the subsequent argument of counsel before the Court in banco, I cannot find or see any reason for changing my opinion, and therefore adhere to the same.

*J. A. Magoon,* for plaintiff.

*W. O. Smith,* for defendant.